IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA, | ) ) ) |
| Plaintiff, | ) ) |
| v. | )   Case No. 09-CV-02014-RWR ) |
| JACQUES SERVIN, et al. | ) ) |
| Defendants. | ) |

**DEFENDANTS' MOTION FOR EXTENSION OF TIME AND AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Pursuant to Fed. R. Civ. P. 6(b)(1), Defendants Jacques Servin, Igor Vamos, Support and Commitment, Inc., David Seivers, Morgan Goodwin, Sarah Murphy, and John and Jane Does Nos. 1-20 move this Court for an order extending the time by which they must answer or otherwise respond to Plaintiff's First Amended Complaint in the above-captioned action, in addition to the time prescribed by the Federal and Local Rules, to and including January 5, 2010, and in support of their motion state the following:

1.      Plaintiff Chamber of Commerce of the United States of America filed its original eight-count Complaint October 26, 2009, asserting various claims, including: (1) federal trademark infringement in violation of Section 32(l) of the Lanham Act, 15 U.S.C. § 1114(l); (2) unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (3) federal trademark dilution in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c); (4) false advertising in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (5) cyberpiracy in violation of the Anti-cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d); (6) unlawful trade practices in violation of the District of Columbia Consumer Protection Procedures Act, DC ST § 28-3904; (7) common law publication of injurious

falsehood; and (8) common law Prima Facie Tort.  In addition, Plaintiff alleged that the enumerated counts were committed pursuant to and in furtherance of a civil conspiracy among all Defendants.

2.  Plaintiff purported to serve copies of the Complaint and Summons on Defendant David Sievers at his parents' residence on October 31, 2009, and Defendants Jacques Servin and Support and Commitment, Inc. on November 3, 2009.

3.  On November 6, 2009, Plaintiff filed its First Amended Complaint.  The First Amended Complaint (among other things) added Sarah Murphy as a Defendant to the action.

4.  Thereafter, Plaintiff purported to serve copies of the Complaint and Summons on Defendant Morgan Godwin at his parents' residence on November 9, 2009 and Defendant Sarah Murphy at her parents' residence on November 10, 2009.

5.  To the knowledge of undersigned counsel, Plaintiff has not yet purported to serve Defendant Igor Vamos.

6.  Undersigned counsel noted their appearance on behalf of all Defendants in this action on November 10, 2009.  Undersigned counsel is aware that Defendants heretofore were represented by counsel at the Electronic Frontier Foundation ("EFF"), who did not enter appearances in this case.  Undersigned counsel is also aware that counsel at EFF corresponded with counsel for Plaintiff on behalf of the Defendants.  In that correspondence, counsel at EFF proposed that all Defendants agree to accept service of the Complaint in exchange for an extension of time to file an answer or other response to the Complaint to and including January 22, 2010.  Counsel for Plaintiff denied EFF counsel's request.

7.  Fed. R. Civ. P. 12(a)(1)(A)(i) provides that the time for serving a responsive pleading is "within 20 days after being served with the summons and complaint."  Fed. R. Civ. P. 15(a)(3)

provides that "[u]nless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 10 days after service of the amended pleading, whichever is later."

8. Due to the multiple dates that Plaintiff purported to serve the various Defendants, the individual dates for responsive pleadings are as follows:

- David Sievers – November 20, 2009
- Jacques Servin – November 23, 2009
- Support and Commitment, Inc. – November 23, 2009
- Morgan Godwin – November 30, 2009
- Sarah Murphy – November 30, 2009
- Igor Vamos (unknown)

9. Further time is needed for undersigned counsel to review the factual allegations in the complaint and prepare Defendants' responses. Our clients are individuals who live outside of the District of Columbia and time is needed to coordinate their various legal defenses, including potential challenges to Plaintiff's attempts to serve the Defendants. Moreover, the vagaries of service have and will continue to produce multiple deadlines to answer or otherwise respond to the First Amended Complaint.

10. The economies of time and orderly procedure would best be served by setting one date for all Defendants to answer or respond to the First Amended Complaint. Plaintiff would not be prejudiced by a brief extension of time to accomplish this goal. Fed. R. Civ. P. 6(b)(1) "gives the court wide discretion to grant a request for additional time that is made prior to the expiration of the period originally proscribed . . . [A]n application for the enlargement of time under Rule 6(b)(1) normally will be granted in the absence of bad faith on the part of the party

seeking relief or prejudice to the adverse party." 4B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1165, at 520-22 (3d ed. 2002). Accordingly, Defendants seek an extension of 60 days[1] after Plaintiff filed the First Amended Complaint (up to and including January 5, 2010) to answer or otherwise respond to the First Amended Complaint.

11. In making this motion, Defendants do not waive, and instead preserve, any and all defenses which they may later raise.

12. Pursuant to Local Civil Rule 7(m), Defendants' counsel contacted Plaintiff's counsel seeking consent for an extension to and including January 5, 2010. Plaintiff did not consent to this request, but offered instead to extend the time for response up to and including December 11, 2009, conditioned on Defendants' willingness to relinquish certain substantive rights. Defendants declined Plaintiff's counsel's offer and now file this motion.

WHEREFORE, Defendants respectfully request the entry of an order extending the time by which they must answer or otherwise respond to Plaintiff's First Amended Complaint to and including January 5, 2010.

Dated this 17th day of November, 2009.

                Respectfully submitted,

                /s/   Robert Corn-Revere
                Robert Corn-Revere (D.C. Bar No. 375415)
                bobcornrevere@dwt.com
                Lisa B. Zycherman (D.C. Bar No. 495277)
                lisazycherman@dwt.com
                DAVIS WRIGHT TREMAINE, LLP
                1919 Pennsylvania Avenue, N.W., Suite 200
                Washington, D.C. 20006
                (202) 973-4225
                (202) 973-4499 fax

---

[1] Defendants offered to waive service pursuant to Fed. R. Civ. Pro. 4(d)(1), but Plaintiff declined this offer. Had Plaintiff accepted it, Defendants would have been given 60 days in which to respond to the complaint pursuant to Fed. R. Civ. Pro. 4(d)(3).

Bruce E. H. Johnson (*pro hac vice pending*)
brucejohnson@dwt.com
Ambika Doran (*pro hac vice pending*)
ambikedoran@dwt.com
DAVIS WRIGHT TREMAINE, LLP
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
(206) 622-3150
(206) 757-7700 fax

Thomas R. Burke (*pro hac vice pending*)
thomasburke@dwt.com
DAVIS WRIGHT TREMAINE, LLP
505 Montgomery Street, Suite 800
San Francisco, CA 94111-6533
(415) 276-6500
(415) 276-6599 fax

## CERTIFICATE OF SERVICE

Pursuant to LCvR 5.3, I hereby certify that, on November 17, 2009, I electronically filed with the Clerk of the Court the foregoing Motion for Extension of Time and Memorandum and Points and Authorities in Support Thereof and proposed order using the CM/ECF system, and service was effected electronically pursuant to LCvR 5.4(d) on the following party:

>Michael John Mueller
>Hunton & Williams LLP
>1900 K Street, NW, Suite 1200
>Washington , DC 20006
>Email: mmueller@hunton.com

    /s/   Robert Corn-Revere
Robert Corn-Revere (D.C. Bar No. 375415)