IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) )  Case No. 09-CV-02014-RWR |
| JACQUES SERVIN, et al. | ) ) ) |
| Defendants. | ) |

**DEFENDANTS' MOTION FOR STAY OF DISCOVERY AND RULE 26 DISCLOSURES AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Defendants Jacques Servin, Igor Vamos, Support and Commitment, Inc., David Seivers, Morgan Goodwin, Sarah Murphy, and John and Jane Does Nos. 1-20 hereby move for a stay of discovery in this case, as well as a stay of the parties' obligations under Fed. R. Civ. P. 26, pending the Court's ruling on Defendants' Motion to Dismiss, and in support thereof state as follows:

## I.   INTRODUCTION

1. A stay of discovery and the parties' obligations under Fed. R. Civ. P. 26 is necessary in this case because Defendants' motion to dismiss raises pure questions of law and, if granted, the motion would terminate litigation.

2. Further, Defendants' motion raises crucial First Amendment interests that would be impaired if discovery proceeds before the Court has determined whether Plaintiff has even stated a claim.

3. Moreover, the discovery in this case is likely to be extensive, and very costly to the parties, and if discovery disputes arise while the motion to dismiss is pending it will tax the court's resources.

4. As set forth in greater detail below, this Court should stay discovery until it rules on the Defendants' motion to dismiss.

## II. BACKGROUND

5. Plaintiff Chamber of Commerce of the United States of America filed its original eight-count Complaint October 26, 2009. Plaintiff filed its First Amended Complaint on November 6, 2009.

6. On December 7, 2009, this Court granted Defendants' motion for an extension through January 5, 2010 of the deadline to answer or otherwise respond to the first amended complaint. The Court found that Defendants made an adequate showing of good cause, and Plaintiff had not shown that it would be prejudiced by such an extension.

7. Thereafter, on January 5, 2010, Defendants filed their Motion to Dismiss Plaintiff's First Amended Complaint for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendants' Motion to Dismiss is based on Defendants' First Amendment free speech rights which are fully protected by the law. In light of the First Amendment threat posed by Plaintiff's lawsuit that targets and seeks to judicially punish Defendants for parodying Plaintiff's controversial position on climate change, and given that the facts on which Defendants' Motion relies are not in dispute, no discovery is needed.

## III. ARGUMENT

8. Defendants therefore request that this Court stay all discovery (and Rule 26 obligations) until the Court has decided their Motion to Dismiss. "A trial court has broad

2

discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Chavous v. District of Columbia Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2001) (*quoting Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987)).

9. Because Defendants' motion to dismiss is likely to result in the dismissal of Plaintiff's claims against Defendants in their entirety, allowing Plaintiff to conduct discovery before the Court has addressed the constitutional free speech issues on which Defendants' Motion is based would diminish those rights and would also unfairly prejudice Defendants to impose the time and costs of discovery on them before the motion is resolved.

10. Courts often stay or limit discovery in first amendment cases to avoid an undue burden on freedom of speech. In *Moldea v. New York Times Co.*, 137 F.R.D. 1 (D.D.C. 1990), for example, the court recognized that "the threat to the First Amendment is sufficient good cause to stay the discovery process pending resolution of a dispositive motion," and that an order staying discovery under Rule 26(c) of the Federal Rules of Civil Procedure was appropriate in order to "avoid the time and expense of responding to inquiries that will have no effect on the resolution of the forthcoming motion." *Id.* at 1-2. *See also White v. Fraternal Order of Police*, 909 F.2d 512, 517 (D.C. Cir. 1990) (affirming order staying discovery in libel case pending resolution of summary judgment motion).

11. It could also waste Plaintiff's resources to take potentially unnecessary discovery and – should disputes arise concerning such discovery which require the Court's intervention – it would squander judicial resources as well. *See, e.g., Chavous*, 201 F.R.D. at 2 ("A stay of discovery pending the determination of a dispositive motion 'is an eminently logical means to prevent wasting the time and effort of all concerned and to make the most efficient use of

judicial resources.'" (citations omitted)).

12.     Pursuant to Local Civil Rule 7(m), Defendants' counsel consulted with counsel for Plaintiff, who have not consented to this motion.

WHEREFORE, Defendants respectfully request the entry of an order staying all discovery in this case, as well as staying the parties' obligations under Fed. R. Civ. P. 26, pending the Court's ruling on Defendants' Motion to Dismiss

Dated this 5th day of January, 2010.

Respectfully submitted,

   /s/   Robert Corn-Revere
Robert Corn-Revere (D.C. Bar No. 375415)
bobcornrevere@dwt.com
Lisa B. Zycherman (D.C. Bar No. 495277)
lisazycherman@dwt.com
DAVIS WRIGHT TREMAINE, LLP
1919 Pennsylvania Avenue, N.W., Suite 200
Washington, D.C. 20006
(202) 973-4225
(202) 973-4499 fax

Bruce E. H. Johnson (*admitted pro hac vice*)
brucejohnson@dwt.com
Ambika Doran (*admitted pro hac vice*)
ambikedoran@dwt.com
DAVIS WRIGHT TREMAINE, LLP
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
(206) 622-3150
(206) 757-7700 fax

Thomas R. Burke (*admitted pro hac vice*)
thomasburke@dwt.com
DAVIS WRIGHT TREMAINE, LLP
505 Montgomery Street, Suite 800
San Francisco, CA 94111-6533
(415) 276-6500
(415) 276-6599 fax

4

Matthew Zimmerman (*pro hac vice pending)*
mattz@eff.org
Corynne McSherry (*pro hac vice pending*)
corynne@eff.org
ELECTRONIC FRONTIER FOUNDATION
454 Shotwell Street
San Francisco, CA 94110
(415) 436-9333
(415) 436-9993 fax

## CERTIFICATE OF SERVICE

Pursuant to LCvR 5.3, I hereby certify that, on January 5, 2010, I electronically filed with the Clerk of the Court the foregoing Motion for Stay of Discovery and Rule 26 Disclosures and Memorandum of Points and Authorities in Support Thereof and proposed order using the CM/ECF system, and service was effected electronically pursuant to LCvR 5.4(d) on the following party:

>Michael John Mueller
>Hunton & Williams LLP
>1900 K Street, NW, Suite 1200
>Washington, DC 20006
>Email: mmueller@hunton.com

        /s/   Robert Corn-Revere
Robert Corn-Revere (D.C. Bar No. 375415)