were correct that the expression at issue was motivated in part by a desire to injure the plaintiff. *See McKenzie v. Dow Jones & Co.*, No. 08-4096-CV, 2009 U.S. App. LEXIS 26734 (2d Cir. Dec. 9, 2009). The absence of malice also defeats the Chamber's claim that "Defendants' scheme included a course of tortious acts – most of which is grounded in *conduct, not speech*." Opp. at 53 (emphasis in original).

Finally, the Chamber asks this Court to disregard New York courts' consistent doctrine that the Prima Facie Tort should not be over-extended and misused as a "catchall" cause of action. The Chamber claims that its use is appropriate here because "[i]n some ways, Defendants, through their complex 'identity correction' schemes, have invented a new wrong that calls for some type of remedy." Opp. at 53. The Chamber's "kitchen sink" approach to pleading a complaint set forth this eighth count with little foundation and in contravention of well-established New York law precluding Prima Facie Tort claims based on the dissemination of allegedly defamatory materials and requiring that the actions complained of be motivated solely by malice. This makeweight claim should be dismissed.

### D. Defendants Are Entitled to Their Attorneys' Fees

The Chamber's assertion that this case is not sufficiently "exceptional" to warrant attorneys' fees under the Lanham Act, Opp. at 54, is not surprising, but it is wrong. The Chamber cannot reasonably seek injunctive relief, given that the parody is long over. There is no need for the Chamber to be "made whole" by this lawsuit, and this fact makes this case "exceptional." Rather, the Chamber brought and continues to pursue this action for one reason only – to harass and punish Defendants because of their biting parody that exposed the Chamber to