IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA, )<br>)<br>     Plaintiff,                                                          )<br>)<br>v.                                                                           )<br>)<br>JACQUES SERVIN, et al.                                        )<br>)<br>     Defendants.                                                    ) | Case No. 09-CV-02014-RWR |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF IN OPPOSITION
TO DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT**

Plaintiff's motion is yet another instance of the Chamber's repeated efforts in this proceeding to misuse the Court's procedural authority to curtail Defendants' speech. Accordingly, Defendants oppose Plaintiff's Motion for Leave to File a Supplemental Brief, and in support state as follows:

1.      Plaintiff's current motion attempts once again to game the judicial process by submitting numerous duplicative supplementary filings, all in support of its bid to chill Defendants' speech. First, notwithstanding the parties' full briefing on Defendants' Motion for Stay of Discovery (Dkt. # 17), the Chamber moved for leave to file a sur-reply, hoping to persuade this Court to allow the Chamber to launch discovery prematurely, despite the potential free speech harms that would result from such an Order.  (Dkt. # 28; *see* Dkt. # 22, Defs.' Reply To Pl.'s Opp. to Mot. for Stay of Discovery at 2-3)  One month later, Plaintiff's counsel requested via letter that the court convene a status conference to address the Chamber's desire to commence discovery.  Defendants opposed the Chamber's request, noting that in addition to

making false representations, the Chamber's counsel appeared to be using the request as a pretext to file an additional sur-reply in opposition to Defendants' motion to stay discovery.  In the same vein, Plaintiff's present motion for leave to file a supplemental brief in opposition to Defendants' Motion to Dismiss the First Amended Complaint repeats the Chamber's pattern of using protracted procedural games to take additional bites at the apple.

2.	Plaintiff's proffered supplemental brief raises no new issue and instead merely re-hashes arguments already thoroughly briefed by both parties.  The Chamber's proposed supplemental brief merely repeats arguments and allegations the Chamber asserted in its Opposition to Defendants' motion to dismiss.  In its motion for leave (and its attached Supplemental Brief), Plaintiff alleges that Defendants' film, "The Yes Men Fix The World," includes footage of the press conference that was the culminating event of their elaborate political parody, and thereby demonstrates that the Yes Men's conduct in staging the hoax was commercial speech to support movie sales.  This issue is well-trod ground in this case.  In its Opposition, Plaintiff argued that Defendants' political parody was used by the Yes Men to promote "theatrical-release movies."  (Dkt. # 24, Opp. Br. at 4.)  In reply, Defendants explained that even if the Yes Men's political parody at issue in this case was in service of a movie (which it was not), the expression remains constitutionally-protected because movies are expressive works, as are the advertisements promoting them.  (Dkt. # 26, Reply Br. at 10; *see also* Dkt. #15, Mot. to Dismiss at 22-23; Dkt. # 20, Br. of Amicus Curiae Public Citizen Litigation Group at 5.) Defendants further noted that because the Lanham Act regulates only commercial speech, the expressive nature of the Yes Men's political speech in staging the political parody of the Chamber bars almost all of Plaintiff's claims.  (Dkt. # 26, Reply Br. at 11.)  In light of the

parties' existing (and extensive) briefing of the issue, there is no need for supplemental argument at this late stage.[1]

3. Plaintiff's proposed supplemental brief perfectly illustrates the Chamber's true intent: to use the judicial process to silence Defendants' political speech. Incredibly, Plaintiff asks the Court to consider extensive quotations by Defendants Jacques Servin and Igor Vamos regarding their film as evidence that the Yes Men are using footage of the press conference hoax "for commercial gain." However, as the quotations make clear, the film in question was released via a "peer-to-peer" website, without charge. (Dkt. #32-1, Pl.'s Suppl. Br. ¶ 8 ("Another reason we are doing this is because this is the way people see movies these days, and we made this movie for people to see it.").) Further, Defendants' stated main objective in creating and releasing the parody film was to foster public debate. (*Id.* at ¶ 9 ("We have been impersonating people in power in [sic] to make political points for over a decade.")) The Yes Men's request for donations to support their work does not render the parody stunt commercial speech, as Plaintiff strains to argue. Instead, Defendants are merely continuing their efforts to spark debate over the Chamber's position on climate change, activities that are clearly protected by the First Amendment. The Chamber's discomfort with public criticism is entirely understandable, but its attempt to use the judicial process to suppress political speech cannot be reconciled with the First Amendment and should be rejected.

WHEREFORE, Defendants oppose Plaintiff's Motion for Leave to Supplemental Brief and respectfully request that this Court deny Plaintiff's Motion.

---

[1] For the same reasons set forth herein, Defendants also oppose the Chamber's concurrent request to amend its complaint again if the court denies its motion to supplement its briefing on Plaintiff's motion to dismiss

Dated this 5th day of August, 2010.

        Respectfully submitted,

    /s/   Robert Corn-Revere
Robert Corn-Revere (D.C. Bar No. 375415)
bobcornrevere@dwt.com
Lisa B. Zycherman (D.C. Bar No. 495277)
lisazycherman@dwt.com
DAVIS WRIGHT TREMAINE LLP
1919 Pennsylvania Avenue, NW, Suite 800
Washington, D.C. 20006
(202) 973-4225
(202) 973-4499 fax

Bruce E. H. Johnson (*admitted pro hac vice*)
brucejohnson@dwt.com
Ambika Doran (*admitted pro hac vice*)
ambikedoran@dwt.com
DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
(206) 622-3150
(206) 757-7700 fax

Thomas R. Burke (*admitted pro hac vice*)
thomasburke@dwt.com
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, CA 94111-6533
(415) 276-6500
(415) 276-6599 fax

Matthew Zimmerman (*pro hac vice pending*)
mattz@eff.org
Corynne McSherry (*pro hac vice pending*)
corynne@eff.org
ELECTRONIC FRONTIER FOUNDATION
454 Shotwell Street
San Francisco, CA 94110
(415) 436-9333
(415) 436-9993 fax

## CERTIFICATE OF SERVICE

Pursuant to LCvR 5.3, I hereby certify that, on August 5, 2010, I electronically filed with the Clerk of the Court the foregoing Opposition to Plaintiff's Motion for Leave to File Supplemental Brief in Opposition to Defendants' Motion to Dismiss First Amended Complaint using the CM/ECF system, and service was effected electronically pursuant to LCvR 5.4(d) on the following parties:

>   Michael John Mueller
>   Hunton & Williams LLP
>   1900 K Street, NW, Suite 1200
>   Washington, D.C. 20006
>   Email: mmueller@hunton.com
>
>   Deepak Gupta
>   Public Citizen Litigation Group
>   1600 20th Street, NW
>   Washington, D.C. 20009
>   dgupta@citizen.org
>
>   Gregory A. Beck
>   Public Citizen Litigation Group
>   1600 20th Street, NW
>   Washington, D.C. 20009
>   gbeck@citizen.org

>                   /s/   Robert Corn-Revere
>                 Robert Corn-Revere (D.C. Bar No. 375415)