UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
                                    )
CHAMBER OF COMMERCE OF THE          )
UNITED STATES OF AMERICA,           )
                                    )
        Plaintiff,                  )
                                    )
        v.                          )   Civil Action No. 09-2014 (RWR)
                                    )
JACQUES SERVIN et al.,              )
                                    )
        Defendants.                 )
                                    )
```

**MEMORANDUM ORDER**

Plaintiff Chamber of Commerce of the United States of America brings this action against Jacques Servin and others asserting claims including trademark infringement and dilution, unfair competition, cyber-piracy, and unfair trade practices. The defendants have moved for a stay of discovery and the disclosures required by Federal Rule of Civil Procedure 26. They argue that discovery in this case is likely to be extensive and costly, and that the defendants should not be exposed to discovery expenses since they also have pending a motion to dismiss which, if granted, would terminate the litigation. (Defs.' Mot. to Stay Discovery and Rule 26 Disclosures at 1-3.) The Chamber of Commerce opposes, arguing that the Chamber is at risk of ongoing harm because the defendants expressly refused to cease their purportedly wrongful conduct, and that the defendants have not assured the Chamber that they will preserve relevant

-2-

evidence. (Pl.'s Mem. in Opp'n to Defs.' Mot. to Stay Discovery and Rule 26 Disclosures ("Pl.'s Mem.") at 10-11.)

In this case, no discovery scheduling order has been entered yet in light of the pendency of the dispositive motion filed by the defendants.[1]  Moreover, plaintiffs aver, and defendants do not dispute, that the parties have not conferred about the discovery that is necessary, and defense counsel have not agreed to meet to discuss the scope of discovery.  (Pl.'s Mem. at 9-10.) Thus, a request to stay discovery appears premature.  In addition, the defendants have asserted that they have ceased the conduct specifically complained about by the Chamber of Commerce and that "defendants' counsel are properly abiding by all legal and ethical guidelines and preserving all relevant evidence to the best of their knowledge and ability."[2]  (See Defs.' Reply at

---

[1] "[I]t is well settled that discovery is generally considered inappropriate while a motion that would be thoroughly dispositive of the claims in the Complaint is pending."  Institut Pasteur v. Chiron Corp., 315 F. Supp. 2d 33, 37 (D.D.C. 2004) (internal quotation omitted); see also Covad Communications Co. v. Revonet, Inc., 250 F.R.D. 14, 18 (D.D.C. 2008) (noting that discovery was stayed pending resolution of a motion for judgment on the pleadings "in order to save the litigants potentially unnecessary discovery expenses").

[2] The Chamber of Commerce has moved for leave to file a surreply, arguing that the defendants asserted in their reply brief that they gave up control of a Web site, but "refused the Chamber's request for proof . . . [and] it is unclear whether the Defendants really have given up control of the" Web site. (Pl.'s Mot. for Leave to File Surreply at 3.).  Motions for leave to file a surreply are not favored, although courts may be inclined to grant leave to file a surreply when it responds to new factual allegations "of substantial import."  Tnaib v. Document Techs.,

-3-

4-5.)  With no need demonstrated at this point for a stay, the defendants' motion will be denied.  Accordingly, it is hereby

ORDERED that defendants' motion [17] to stay discovery and Rule 26 disclosures be, and hereby is, DENIED without prejudice.  It is further

ORDERED that the plaintiff's motion [28] for leave to file a surreply be, and hereby is, DENIED.

SIGNED this 11th day of March, 2011.

                                                                                              /s/
                                          RICHARD W. ROBERTS
                                        United States District Judge

---

LLC, 450 F. Supp. 2d 87, 89 n.3 (D.D.C. 2006).  Here, the Chamber has not demonstrated why this purported factual dispute is of substantial import in resolving the defendants' motion.  The motion for leave to file a surreply, then, will be denied.