# EXHIBIT 1



# NATIONAL ARBITRATION FORUM

# DECISION

Chamber of Commerce of the United States of America v. Albert Bauer
Claim Number: FA1007001335605

**PARTIES**

Complainant is **Chamber of Commerce of the United States of America** ("Complainant") represented by **Michael J. Mueller** of Washington D.C., USA. Respondent is **Albert Bauer**, ("Respondent"), Switzerland.

**REGISTRAR AND DISPUTED DOMAIN NAME**

The domain name at issue is **<chamber-of-commerce.us>**, registered with **UDOMAINNAME.COM, LLC**.

**PANEL**

The undersigned certifies that the Panel has acted independently and impartially and to the best of its knowledge has no known conflict in serving as Panelists in this proceeding.

Honorable Ralph Yachnin (Ret.) and Houston Putnam Lowry, Chartered Arbitrator, as Panelists and Honorable Karl V. Fink (Ret.) as Chair.

**PROCEDURAL HISTORY**

Complainant submitted a Complaint to the National Arbitration Forum (the "Forum") electronically on July 15, 2010; the Forum received a hard copy of the Complaint on July 16, 2010.

On July 26, 2010, UDOMAINNAME.COM, LLC confirmed by e-mail to the Forum that the **<chamber-of-commerce.us>** domain name is registered with UDOMAINNAME.COM, LLC and that Respondent is the current registrant of the name. UDOMAINNAME.COM, LLC has verified that Respondent is bound by the UDOMAINNAME.COM, LLC registration agreement and has thereby agreed to resolve domain-name disputes brought by third parties in accordance with the U. S. Department of Commerce's usTLD Dispute Resolution Policy (the "Policy").

On August 2, 2010, a Notification of Complaint and Commencement of Administrative Proceeding (the "Commencement Notification"), setting a deadline of August 23, 2010 by which Respondent could file a Response to the Complaint, was transmitted to Respondent in compliance with Paragraph 2(a) of the Rules for usTLD Dispute Resolution Policy (the "Rules").

Having received no Response from Respondent, the Forum transmitted to the parties a Notification of Respondent Default.

A timely Additional Submission was received from Complainant on August 24, 2010.

On September 1, 2010 pursuant to Complainant's request to have the dispute decided by a three-member Panel, the Forum appointed Honorable Ralph Yachnin (Ret.) and Houston Putnam Lowry, Chartered Arbitrator, as Panelists and Honorable Karl V. Fink (Ret.) as Chair.

Having reviewed the communications records, the Administrative Panel (the "Panel") finds that the Forum has discharged its responsibility under Paragraph 2(a) of the Rules. Therefore, the Panel will issue its decision based on the documents submitted and in accordance with the Policy, the Rules, the Forum's Supplemental Rules and any rules and principles of law that the Panel deems applicable, without the benefit of any Response from Respondent.

**RELIEF SOUGHT**
Complainant requests that the domain name be transferred from Respondent to Complainant.

**PARTIES' CONTENTIONS**
A. Complainant
Complainant ("Chamber") is a not-for-profit business corporation organized under the laws of the District of Columbia, with its principal place of business in Washington, D.C.

Since 1912, the Chamber has represented the interests of American businessmen and women on major issues affecting business. The Chamber has used the U.S. CHAMBER OF COMMERCE® mark in commerce since 1915, and registered the mark on January 24, 1989.

The Chamber also holds the registration of domain names which use the U.S. CHAMBER OF COMMERCE® mark as their dominant feature, including its primary domain name, <uschamber.com>.

On October 16, 2009, the **<chamber-of-commerce.us>** domain name was registered to Support and Commitment, Inc., with an expiration of October 15, 2010.

On information and belief, Support and Commitment, Inc. is an alter ego for Jacques Servin and Igor Vanos, who along with Support and Commitment, Inc. are the subject of an action filed by the Chamber pending in the United States District Court for the District of Columbia.

Support and Commitment used the **<chamber-of-commerce.us>** domain name for a Web site that appeared to be identical to that of the Chamber, but contained false statements and press releases attributed to the Chamber and its President, and used the Chamber's trademarks and copyrighted material without authorization.

On October 20, 2009, the Chamber's counsel requested that the host remove the fraudulent Web site.

On October 26, 2009, the Chamber filed a complaint against Support and Commitment, Inc., Servin, Vamos, and others, in the United States District Court for the District of Columbia alleging, *inter alia*, trademark infringement and dilution, cyber-piracy, unfair competition, and false advertising. That litigation is still pending.

As of December 31, 2009, the domain name status was listed as "pending delete," meaning that Support and Commitment, Inc. had requested to delete the domain name even though it was the subject of pending litigation.

On January 1, 2010 the **<chamber-of-commerce.us>** domain name was registered to "SnapNames." On January 5, 2010 the domain name was registered to a Frank Doerr in Bayern, Germany. On January 21, 2010 the domain name was registered to Respondent, Albert Bauer. The address and telephone number that Respondent used to register the domain name is for a "Flying Pizza" restaurant in Zurich, Switzerland. The Chamber has been unable to locate anyone by the name of "Albert Bauer" at the given address.

The Respondent's domain name, **<chamber-of-commerce.us>**, is virtually identical to the Chamber's U.S. CHAMBER OF COMMERCE® trademark.

The fact that the Respondent's domain name is confusingly similar to the Chamber's trademark has been confirmed, as thousands of people landed on the fraudulent **<chamber-of-commerce.us>** web site before being directed to the Chamber's real web site.

Respondent has no rights or legitimate interests in the **<chamber-of-commerce.us>** domain name. Respondent does not use the domain name in connection with a *bona fide* offering of goods, services, or information.

Respondent, Albert Bauer, has not used the "chamber of commerce" name, nor has Mr. Bauer ever been associated with any entities that legitimately use the "chamber of commerce" name.

Respondent has registered and used the domain name **<chamber-of-commerce.us>** in bad faith. Respondent acted in bad faith by registering a domain name that infringed on the Chamber's registered and well-known trademark, U.S. CHAMBER OF COMMERCE®.

Respondent acted in bad faith by registering a domain name that was the subject of litigation pending in the United States District Court for the District of Columbia.

Respondent acted in bad faith by registering the domain name in order to prevent the Chamber from acquiring the domain name.

Respondent acted in bad faith by registering the domain name, and by using it as a placeholder which will later be used to confuse Internet users about the source or sponsorship of the site, and to dilute the U.S. CHAMBER OF COMMERCE® trademark.

Respondent's registration is invalid under Paragraph 8 of the Policy.

B. Respondent
Respondent did not submit a response.

C. Additional Submissions
Complainant's Additional Submission was a memorandum in support of the Complaint.

**FINDINGS**

For the reasons set forth below, the Panel finds Complainant is entitled to the relief requested.

**DISCUSSION**

Paragraph 15(a) of the Rules for Uniform Domain Name Dispute Resolution Policy (the "Rules") instructs this Panel to "decide a complaint on the basis of the statements and documents submitted in accordance with the Policy, these Rules and any rules and principles of law that it deems applicable."

Paragraph 4(a) of the Policy requires that the Complainant must prove each of the following three elements to obtain an order that a domain name should be cancelled or transferred:

(1) the domain name registered by the Respondent is identical or confusingly similar to a trademark or service mark in which the Complainant has rights;
(2) the Respondent has no rights or legitimate interests in respect of the domain name; and
(3) the domain name has been registered and is being used in bad faith.

**Identical and/or Confusingly Similar**

Complainant asserts rights in the U.S. CHAMBER OF COMMERCE mark through its registration of the mark with the United States Patent and Trademark Office ("USPTO") (*e.g.*, Reg. No. 1,522,157 registered on January 24, 1989).  The Panel finds this trademark registration sufficiently proves Complainant's rights in the U.S. CHAMBER OF COMMERCE mark pursuant to Policy ¶ 4(a)(i).  Furthermore, the Panel finds Complainant need not hold a registration with the trademark authority in the country in which Respondent resides in order to have rights under Policy ¶ 4(a)(i).  *See Expedia, Inc. v. Tan*, FA 991075 (Nat. Arb. Forum June 29, 2007) ("As the [complainant's] mark is registered with the USPTO, [the] complainant has met the requirements of [UDRP] ¶ 4(a)(i)."); *see also Metro. Life Ins. Co. v. Bonds*, FA 873143 (Nat. Arb. Forum Feb. 16, 2007) (finding that a trademark registration adequately demonstrates a complainant's rights in a mark under UDRP ¶ 4(a)(i)); *see also Williams-Sonoma, Inc. v. Fees*, FA

937704 (Nat. Arb. Forum Apr. 25, 2007) (finding that it is irrelevant whether the complainant has registered its trademark in the country of the respondent's residence).

Respondent's **<chamber-of-commerce.us>** domain name is confusingly similar to its U.S. CHAMBER OF COMMERCE mark. Respondent deletes the letters "U.S.," which is an abbreviation of the geographic term "United States," from Complainant's mark, as well as the spaces between the words in Complainant's mark. In addition, Respondent adds hyphens and the country-code top-level domain ("ccTLD") ".us" to Complainant's mark in the disputed domain name. The Panel finds these slight alterations do not render Respondent's domain name distinct from Complainant's mark. *See Tesco Pers. Fin. Ltd. v. Domain Mgmt. Servs.*, FA 877982 (Nat. Arb. Forum Feb. 13, 2007) (holding that "the Domain Name is confusingly similar to Complainant's 'TESCO PERSONAL FINANCE' mark in that it merely omits the descriptive term 'personal.'"); *see also Health Devices Corp. v. Aspen S T C*, FA 158254 (Nat. Arb. Forum July 1, 2003) ("[T]he addition of punctuation marks such as hyphens is irrelevant in the determination of confusing similarity pursuant to UDRP ¶ 4(a)(i)."); *see also Gardline Surveys Ltd. v. Domain Fin. Ltd.*, FA 153545 (Nat. Arb. Forum May 27, 2003) ("The addition of a top-level domain is irrelevant when establishing whether or not a mark is identical or confusingly similar, because top-level domains are a required element of every domain name."). Therefore, the Panel finds Respondent's **<chamber-of-commerce.us>** domain name is confusingly similar to Complainant's U.S. CHAMBER OF COMMERCE mark pursuant to Policy ¶ 4(a)(i).

Complainant has proven this element.

**<u>Rights or Legitimate Interests</u>**

Complainant must first make a *prima facie* case that Respondent lacks rights and legitimate interests in the disputed domain name under Policy ¶ 4(a)(ii), and then the burden shifts to Respondent to show it does have rights or legitimate interests. *See Hanna-Barbera Prods., Inc. v. Entm't Commentaries*, FA 741828 (Nat. Arb. Forum Aug. 18, 2006) (holding that the complainant must first make a *prima facie* case that the respondent lacks rights and legitimate interests in the disputed domain name under UDRP ¶ 4(a)(ii) before the burden shifts to the respondent to show that it does have rights or legitimate interests in a domain name); *see also AOL LLC v. Gerberg,* FA 780200 (Nat. Arb. Forum Sept. 25, 2006) ("Complainant must first make a prima facie showing that Respondent does not have rights or legitimate interest in the subject domain names, which burden is light. If Complainant satisfies its burden, then the burden shifts to Respondent to show that it does have rights or legitimate interests in the subject domain names.").

The Panel finds there is no evidence in the record indicating Respondent owns any service marks or trademarks reflecting the **<chamber-of-commerce.us>** domain name. Therefore, the Panel finds Respondent does not have rights and legitimate interests in the disputed domain name pursuant to Policy ¶ 4(c)(i). *See Meow Media Inc. v. Basil*, FA 113280 (Nat. Arb. Forum Aug. 20, 2002) (finding that there was no evidence that the

respondent was the owner or beneficiary of a mark that is identical to the <persiankitty.us> domain name); *see also Pepsico, Inc. v Becky*, FA 117014 (Nat. Arb. Forum Sept. 3, 2002) (holding that because the respondent did not own any trademarks or service marks reflecting the <pepsicola.us> domain name, it had no rights or legitimate interests pursuant to Policy ¶ 4(c)(i)).

Complainant asserts it has not authorized Respondent to use its mark in a domain name. Furthermore, the WHOIS information lists "Albert Bauer" as the registrant of the disputed domain name, which the Panel finds is not similar to the **<chamber-of-commerce.us>** domain name. Accordingly, the Panel finds Respondent lacks rights and legitimate interests in the **<chamber-of-commerce.us>** domain name under Policy ¶ 4(c)(iii). *See IndyMac Bank F.S.B. v. Eshback*, FA 830934 (Nat. Arb. Forum Dec. 7, 2006) (finding that the respondent failed to establish rights and legitimate interests in the <emitmortgage.com> domain name as the respondent was not authorized to register domain names featuring the complainant's mark and failed to submit evidence of that it is commonly known by the disputed domain name); *see also Braun Corp. v. Loney*, FA 699652 (Nat. Arb. Forum July 7, 2006) (concluding that the respondent was not commonly known by the disputed domain names where the WHOIS information, as well as all other information in the record, gave no indication that the respondent was commonly known by the disputed domain names, and the complainant had not authorized the respondent to register a domain name containing its registered mark).

Complainant claims Respondent's use of the disputed domain name is part of a larger scheme to misappropriate Complainant's intellectual property and confuse the public. Complainant alleges Respondent is connected to Jacques Servin and Igor Vamos, the perpetrators of the original fraudulent scheme. Complainant states Jacques Servin and Igor Vamos–more commonly known as the "Yes Men"–are actors, screenwriters, directors, and entrepreneurs. According to Complainant, Mr. Servin and Mr. Vamos frequently pose as representatives of legitimate business or government entities and that their latest commercial venture is the movie "The Yes Men Fix the World," which describes how they "lie their way into big business conferences." Complainant alleges that these men conducted a fraudulent press conference and issued fraudulent statements and a press release using Complainant's marks in order to promote their movie and increase sales of tickets and merchandise. Complainant avers Mr. Servin and Mr. Vamos, using the name Support and Commitment, Inc. as a front, registered the **<chamber-of-commerce.us>** domain name to further assume Complainant's identity. Complainant asserts it ultimately brought suit against Mr. Servin and Mr. Vamos in the United States District Court for the District of Columbia in which it requested a transfer of the disputed domain name to Complainant. In response to its suit and in order to prevent Complainant from acquiring the domain name, Complainant claims Support and Commitment, Inc. transferred the **<chamber-of-commerce.us>** domain name to a third party and that the disputed domain name was subsequently transferred at least three times. Complainant believes Respondent is the current "straw man" in this cyber-flying conspiracy. Complainant claims a screen shot of Respondent's resolving website shows that the **<chamber-of-commerce.us>** domain name is currently used in connection with a German-language website that provides general information about business financing in

Germany.  Based on the evidence in the record, the Panel finds Respondent has engaged in cyber-flying in order to prevent transfer of the disputed domain name to Complainant.  The Panel finds Respondent's role in perpetuating a collective scheme to manipulate and deceive the public indicates a lack of rights and legitimate interests under Policy ¶ 4(a)(ii).

Complainant has proven this element.

**<u>Registration and Use in Bad Faith</u>**

The Panel finds the enumerated Policy ¶ 4(b) factors are not exhaustive and the totality of the circumstances may be considered when analyzing bad faith registration and use under Policy ¶ 4(a)(iii).  *See Digi Int'l Inc. v. DDI Sys.*, FA 124506 (Nat. Arb. Forum Oct. 24, 2002) (determining that UDRP ¶ 4(b) sets forth certain circumstances, without limitation, that shall be evidence of registration and use of a domain name in bad faith); *see also Cellular One Group v. Brien*, D2000-0028 (WIPO Mar. 10, 2000) (finding that the criteria specified in 4(b) of the UDRP Policy is not an exhaustive list of bad faith evidence).

As previously discussed, Complainant claims the **<chamber-of-commerce.us>** domain name was transferred multiple times to prevent Complainant from acquiring the domain name after it filed suit in the U.S. District Court for the District of Columbia.  In *PREPADOM v. Domain Drop S.A. (PREPADOM-COM-DOM)*, D2006-0917 (WIPO Oct. 9, 2006), the panel defined "cyber-flying" as "changing ownership of a domain name with intent to escape a current dispute."  Here, Complainant alleges the **<chamber-of-commerce.us>** domain name changed ownership at least three times in an attempt to escape transfer of the disputed domain name in district court.  According to the *PREPADOM* definition, the Panel finds Respondent is a temporary registrant in a plot to evade transfer of the disputed domain name to Complainant.  Therefore, the Panel finds Respondent has engaged in cyber-flying, which is evidence of registration and use in bad faith under Policy ¶ 4(a)(iii).  *See Kirkbi AG v. Company Require / Karlina Konggidinata and Pool.com, Inc.*, D2004-0359 (WIPO July 12, 2004); *see also BOSU Fitness, LLC v. Kolombo Networks*, FA 1266587 (Nat. Arb. Forum July 22, 2009).

In addition, Complainant argues Respondent registered a United States top-level domain name despite having no nexus with the United States.  According to the panel in *Illycaffe S.p.A. v. Esteban*, FA 1291938 (Nat. Arb. Forum Dec. 22, 2009), registration of a United States top-level domain name requires that the registrant be:

> (1) A natural person (i) who is a United States citizen, (ii) who is a permanent resident of the United States of America or any of its possessions or territories, or (iii) whose primary place of domicile is in the United States of America or any of its possessions [Nexus Category 1]; (2) A United States entity or organization that is (i) incorporated within one of the fifty (50) U.S. states, the District of Columbia, or any of the United States possessions or territories, or (ii) organized or otherwise constituted

under the laws of a state of the United States of America, the District of Columbia or any of its possessions or territories (including a federal, state, or local government of the United States or a political subdivision thereof, and non-commercial organizations based in the United States) [Nexus Category 2]; or (3)A foreign entity or organization that has a bona fide presence in the United States of America or any of its possessions or territories [Nexus Category 3].

Here, Complainant claims the WHOIS information lists Respondent's address as Nordstrasse 245, Zuerich, Switzerland.  Furthermore, Complainant claims the disputed domain name resolves to a German-language website that provides information about business financing in Germany.  Complainant avers neither Respondent's registrant information nor the content on its resolving website indicate a link to the United States.  Therefore, Complainant argues nothing in the record suggests Respondent is a United States citizen, a permanent resident of the United States, a person whose primary place of domicile is in the United States [Nexus Category 1], or an organization [Nexus Categories 2 and 3].  Consequently, the Panel concludes Respondent does not have a nexus with the United States, which is evidence of registration and use in bad faith pursuant to Policy ¶ 4(a)(iii).  *See Swiss Reinsurance Company v. Purtschert*, FA 114666 (Nat. Arb. Forum Sept. 16, 2002) (finding that a registrant is required to have a sufficient nexus with the United States under the usTLD and that the respondent's lack of the required nexus constituted bad faith registration and use).

Complainant has proven this element.

**DECISION**

Having established all three elements required under the usTLD Policy, the Panel concludes that relief shall be **GRANTED**.

Accordingly, it is Ordered that the **<chamber-of-commerce.us>** domain name be **TRANSFERRED** from Respondent to Complainant.

_____
Honorable Karl V. Fink
Arbitrator

Honorable Karl V. Fink (Ret.), Chair
Honorable Ralph Yachnin (Ret.), Panelist
Houston Putnam Lowry, Chartered Arbitrator, Panelist
Dated: September 24, 2010

[Click Here](#) to return to the main Domain Decisions Page.

[Click Here](#) to return to our Home Page